UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00171

**Carl Anthony Wilson,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner Carl Anthony Wilson, a prisoner of the Texas Department of Criminal Justice proceeding pro se, filed this habeas action challenging his Smith County conviction. Doc. 1. The case was referred to a magistrate judge.

This is petitioner's second habeas action. The magistrate judge issued a report and recommendation which concluded that the court should dismiss petitioner's case without prejudice for lack of jurisdiction. Doc. 19 at 5–6. The report determined that petitioner filed a second, successive petition without proof that the Fifth Circuit granted petitioner permission to file. *Id.* at 5. A copy of that report was sent to petitioner, who filed timely objections. Doc. 21.

Petitioner's objections merely outline the text of the habeas statute and repeat his challenges to the underlying conviction—arguments already dismissed by the original habeas petition. *See Wilson v. Lumpkin*, No. 20-40559, 2021 WL 4142382, at *1 (5th Cir. June 24, 2021) (affirming dismissal of petitioner's first habeas action and denying him a certificate of appealability).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment. The court applies clear error because petitioner's objections are improper for raising arguments already dismissed by the Fifth Circuit. The

petitioner failed to show that the Fifth Circuit granted him permission to file this second, successive habeas petition. Therefore, the court lacks jurisdiction. *United States v. Williams*, 841 F. App'x 745, 746 (5th Cir. 2021).

Thus, having reviewed the record and being satisfied that there is no clear error, the court accepts the magistrate judge's findings and recommendations. Petitioner's case is dismissed without prejudice to his right to seek the Fifth Circuit's permission to file a successive habeas petition. Further, the court denies petitioner a certificate of appealability sua sponte. Any pending motions are denied as moot.

*So ordered by the court on October 29, 2025.*

J. CAMPBELL BARKER
United States District Judge